UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TAMMY CALLAHAN,

    Plaintiff,

v.

WASHOE COUNTY SCHOOL DISTRICT; *et al.*,

    Defendants.

3:15-CV-0200-LRH-WGC

ORDER

Before the court is defendants Washoe County School District ("WCSD"), Tom Stauss ("Stauss"), Rick Borba ("Borba"), Heath Morrison ("Morrison"), Melissa Thoroughman ("Thoroughman"), Lynn Rauh ("Rauh"), Richard Swanberg ("Swanberg"), Kelly Keane ("Keane"), Jenni Anderson ("Anderson"), and Ruth Williams' ("Williams") (collectively "defendants") motion to dismiss. Doc. #13.[1] Plaintiff Tammy Callahan ("Callahan") filed an opposition to the motion (Doc. #20) to which defendants replied (Doc. #32).

**I.    Facts and Background**

Plaintiff Callahan was employed as an elementary school teacher with defendant WCSD from 1987 until 2010. For the 2008-2009 school year Callahan was asked by her elementary school principal, defendant Keane, to take over and teach a third grade class for the year rather than her

---

[1] Refers to the court's docket number.

1  normal second grade class. Callahan accepted the position with the understanding that she would be
2  placed back in the second grade the following year.
3      Ultimately, Callahan was not returned to her second grade classroom and began to apply for
4  other elementary teaching positions within the school district. However, Callahan was unable to
5  find a position within the district because, as she alleges, the only transfer positions available were
6  for first year teacher or only one year contracts, rather than normal tenured teaching positions. After
7  being deprived of her classroom assignment, Callahan applied for the early separation program in
8  June 2010 with the understanding that she could rescind her application if she found another
9  teaching position during the month. However, Callahan alleges that when she tried to rescind her
10 application prior to the June 30, 2010 deadline, her request was denied and she was forced into
11 retirement. At the time of her alleged forced retirement, Callahan was over fifty years old and had
12 been with WCSD for 23 years.
13     In August 2011, Callahan filed a NERC and EEOC complaint alleging age discrimination.
14 Subsequently, on April 6, 2015, Callahan filed a complaint against defendants alleging five causes
15 of action: (1) hostile work environment under the Age Discrimination in Employment Act
16 ("ADEA"); (2) claim under the Equal Protection Clause pursuant to 42 U.S.C. § 1983; (3) federal
17 conspiracy claim under 42 U.S.C. § 1985; (4) negligent infliction of emotional distress; and
18 (5) intentional infliction of emotional distress. Doc. #1. Thereafter, defendants filed the present
19 motion to dismiss. Doc. #13.

20 **II.   Legal Standard**

21     Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure
22 to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state
23 a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading
24 standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That
25 is, a complaint must contain "a short and plain statement of the claim showing that the pleader is
26 entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1); *accord* N.R.S. § 613.330(1)(a). In order for a district court to have subject matter jurisdiction over an ADEA claim, a plaintiff must have exhausted all available administrative remedies. *See Sutter v.*

3

*Mass Mutual Financial Group*, 2011 U.S. Dist. LEXIS 72840, *6 (D. Nev. 2011) (citing *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002). To exhaust the administrative remedies, a plaintiff must timely file a charge with the EEOC, "thereby affording the agency an opportunity to investigate the charge." *Id*.

In an ADEA action, the district court has jurisdiction to hear all claims that are "like or reasonably related," to the allegations made in the underlying charge. *Id*. at *7-8 (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456-57 (9th Cir. 1990)); *see also, Green v. L.A. Cty. Superintendent of Sch.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989). An ADEA complaint that asserts claims outside of the scope of the underlying EEOC charge is subject to dismissal. *Id*. at *8.

In their motion, defendants argue that Callahan's ADEA claim for hostile and/or offensive work environment should be dismissed for lack of jurisdiction because Callahan failed to allege a hostile and/or offensive work environment claim in her administrative charges with NERC and the EEOC in August 2011.

The court has reviewed the documents and pleadings on file in this matter and finds that Callahan's hostile and/or offensive work environment claim is not reasonably related to the underlying NERC and EEOC charges. In her administrative charges, Callahan makes no mention of a hostile and/or offensive working environment claim based on her age. Rather, Callahan alleged in her administrative charges that defendants have "discriminated against me because of my age (53), retaliated against me for complaining about age discrimination and continues to discriminate against me because of my age and/or in retaliation." Doc. #1, Exhibit 1.

On their face, the administrative charges only encompass potential claims for: failure to hire, a refusal to accept her offer to rescind her early retirement paperwork, and general allegations of a retaliation claim. There are no allegations contained in the administrative charges of a hostile and/or offensive work environment. In fact, Callahan has not alleged any conduct supporting the elements necessary for a hostile work environment, i.e., that any of the defendants subjected her to verbal or physical conduct of an age-related nature, that the conduct was unwelcome, or that the

conduct was sufficiently severe or pervasive to alter the conditions of the her employment and create an abusive work environment. As such, the court finds that Callahan did not allege a hostile and/or offensive work environment claim in her administrative charges. Accordingly, the court shall grant defendants' motion and dismiss this claim for lack of jurisdiction.

However, in opposition, Callahan has stated that she also intended to allege an ADEA discrimination claim and an ADEA retaliation claim in her complaint. Because Callahan has requested leave to amend her complaint, and the court finds that defendants would not be prejudiced by amendment, the court shall grant her leave to file an amended complaint to allege these ADEA claims.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #13) is GRANTED in accordance with this order. Plaintiff's complaint (Doc. #1) is DISMISSED.

IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days from entry of this order to file an amended complaint, if any.

IT IS SO ORDERED.

DATED this 20th day of November, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE