UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMMY CALLAHAN,<br><br>       Plaintiff,<br><br> v.<br><br>WASHOE COUNTY SCHOOL DISTRICT; et al.,<br><br>       Defendants. | 3:15-CV-0200-LRH-WGC<br><br>ORDER |

Before the court is Defendants Washoe County School District, a political subdivision of the state of Nevada ("WCSD"); and Tom Strauss; Rick Borba; Heath Morrison; Melissa Thoroughman; Lynn Rauh; Richard Swanberg; Kelly Keane; Jenni Anderson; and Ruth Williams', all of whom are either present or former employees of WCSD sued in their individual and official capacities (collectively "Defendants"), motion to dismiss the first amended complaint. ECF No. 39. Plaintiff Tammy Callahan ("Callahan") filed an opposition (ECF No. 42) to which Defendants replied (ECF No. 43).

**I. Facts and Procedural History**

Plaintiff Callahan was employed as an elementary school teacher with WCSD from 1987 until 2010. For the 2008-2009 school year Callahan was asked by her elementary school principal, defendant Kelly Keane, to take over and teach a third grade class for the year rather than her normal second grade class. Callahan accepted the position with the understanding that she would be placed back in the second grade the following year.

Ultimately, Callahan was not returned to her second grade classroom and began to apply for other elementary teaching positions within the school district. However, Callahan was unable to find a position within WCSD because, as she alleges, the only positions available were for first year teachers or one year contracts, rather than normal tenured teaching positions. Callahan then applied to retire in June 2010 so that she could take advantage of WCSD's early retirement incentive with the understanding that she could rescind her application if she found another teaching position during the month. However, Callahan alleges that when she tried to rescind her application prior to the June 30, 2010 deadline, her request was denied by WCSD administration and she was forced into retirement. At the time of her retirement, Callahan was over fifty years old and had been with WCSD for 23 years.

In August 2011, Callahan filed complaints with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination. Callahan received a "right to sue" letter on January 18, 2015. Subsequently, on April 6, 2015, Callahan filed a complaint against defendants alleging five causes of action: (1) hostile work environment under the Age Discrimination in Employment Act ("ADEA"); (2) violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983; (3) federal conspiracy claim under 42 U.S.C. § 1985; (4) negligent infliction of emotional distress; and (5) intentional infliction of emotional distress. ECF No. 1. Callahan's initial complaint was dismissed with leave to file an amended complaint alleging an ADEA discrimination claim and an ADEA retaliation claim. ECF No. 35.

On December 21, 2015, Callahan filed an amended complaint against defendants alleging five causes of action: (1) age discrimination under the ADEA; (2) violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983; (3) federal conspiracy under 42 U.S.C. § 1985; (4) negligent infliction of emotional distress; and (5) intentional infliction of emotional distress. ECF No. 36. Thereafter, defendants filed the present motion to dismiss. ECF No. 39.

## II.  Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See Id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing

*Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

## III. Discussion

### A. Age Discrimination

In order to establish a *prima facie* case for age discrimination under the ADEA, a plaintiff must establish (1) membership in a protected class [age 40-70]; (2) that plaintiff was satisfactorily performing his or her job or was otherwise qualified for hire; (3) that plaintiff suffered an adverse employment action; and (4) that plaintiff was replaced by a substantially younger person with equal or inferior qualifications. *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 917 (9th Cir. 1996). The fourth element of a prima facie case is treated with some flexibility so long as a plaintiff can show the circumstances surrounding an adverse employment action give rise to an inference of age discrimination. *Id.* Additionally, in Nevada, a charge alleging unlawful discrimination must be filed within 300 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(1)(B); *Laguaglia v. Rio Hotel & Casino, Inc.,* 186 F.3d 1172, 1174 (9th Cir. 1999).

In their motion, defendants contend Callahan did not timely file her age discrimination charge with NERC and EEOC within the 300 day time period after her alleged forced retirement and thus her claim is time barred. In opposition, Callahan argues that after her forced retirement she continued to apply and interview for numerous positions up to December 2010, and because WCSD's continued refusal to hire her during this time relates to her age discrimination charge, the entire time period constitutes a continuing violation that did not trigger the filing period until December 2010. Thus, she argues, the NERC and EEOC complaints are timely because the intake paperwork was filed on August 5, 2011, within 300 days of December 2010. This court disagrees.

///

The continuing violations doctrine allows courts to consider discrimination claims that would ordinarily be time barred as long as the untimely acts of discrimination are part of an ongoing unlawful employment practice. See, e.g., *Anderson v. Reno*, 190 F.3d 930, 936 (9th Cir. 1999); *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107 (9th Cir. 1998). To assert the continuing violations doctrine, a plaintiff must show that the untimely incidents were: (1) part of an ongoing pattern of related acts; and (2) that the defendant continued this pattern into the relevant limitations period. *Green v. L.A. Cnty. Superintendent of Sch.*, 888 F.2d 1472, 1480 (9th Cir. 1989); see also *Bauer v. Bd. of Supervisors*, 44 F. App'x 194 (9th Cir. 2002) (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). However, "[d]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002). Rather, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the… 300-day time period after the discrete discriminatory act occurred." *Id.* The time to file a claim based on refusal to hire starts when a discrete act happens, i.e. when the plaintiff is not hired for a particular position, not when the plaintiff stops applying for positions. *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044 (9th Cir. 2008). Although a discriminatory practice may extend over time through a series of related acts, if the acts remain divisible into a set of discrete acts, each must be brought within the statutory limitations period. *Raas v. Fairbanks N. Star Borough,* 323 F.3d 1185, 1192 (9th Cir. 2003) (holding that the school district's refusal to hire for Raas for a full-time teaching position in July of 1992 for the '92-'93 school year was time barred because the Equal Employment Opportunity charge was filed on September 16, 1993 and was governed by a 300 day limitations period).

Here, Callahan's effective retirement date was on August 31, 2010, and thus her age discrimination claim arising from her alleged forced retirement had to be filed with NERC and EEOC before June 27, 2011. Although NERC received Callahan's charge on August 17, 2011, Callahan contends that she filed her complaint with NERC and EEOC

on August 5, 2011. Even when using the earliest possible date of August 5, 2011, any incident that happened prior to October 9, 2010, including Callahan's forced retirement, is barred. Further, in contrast to Callahan's argument, defendants' refusal to re-hire Callahan after her forced retirement is not a continuing violation. Rather, each failure to hire constitutes a separate, actionable incident. *Morgan*, 536 U.S. at 114. Thus, each time WCSD failed to rehire Callahan for a position she applied for, that act constituted a separate, actionable 'unlawful employment practice' and triggered a new time period to file a charge of discrimination. As such, this court finds that Callahan has failed to allege any ongoing pattern of related acts sufficient for application of the continuing violations doctrine. Therefore, the court finds that Callahan's age discrimination claim based upon her forced retirement was untimely and thus, she is barred from bringing this claim.

      Additionally, the court notes that Callahan's allegations related to applying for new job positions are not in her complaint. Rather, she raised them for the first time in her opposition to the motion to dismiss. As such, the court cannot review these allegations in addressing the defendants' motion to dismiss as they are not part of the operative complaint. Moreover, even when using the date Callahan insists begins the time period for her claims, August 5, 2011, any refusal to hire that happened prior to October 9, 2010, is not actionable. In the first amended complaint, Callahan does not allege that she applied for any jobs after October 9, 2010, only that she generally "applied and interviewed for more than 70 positions for which she was qualified and was denied." ECF No. 36 at ¶21. Thus, based on the allegations in her complaint, Callahan has not alleged any timely violation of the ADEA for refusal to hire.

      **B.**    **Equal Protection and Conspiracy Claims**

      In their motion to dismiss, defendants contend that the ADEA is the exclusive enforcement mechanism for claims of age discrimination. This court agrees.

      As a matter of law, plaintiff cannot state a § 1983 equal protection claim arising from age discrimination in employment. *Cummins v. City of Yuma*, 410 F. App'x 72 (9th Cir. 2011) (citing *Almeyer v. Nev. Sys. Of Higher Educ.*, 555 F.3d 1051, 1060-61 (9th

Cir. 2009)). Instead, a plaintiff may allege a Section 1983 equal protection claim at the same time as a claim under the ADEA, but the plaintiff must allege that defendants "violated some federally secured right other than those already protected by the ADEA." *Morgan v. Humboldt Cnty. Sch. Dist.*, 623 F. Supp. 440 (D. Nev. 1985).

Here, Callahan does not allege any violation of her right to equal protection that does not arise from her employment. The constitutional right that Callahan alleges has been violated is her "right to be treated in the same manner as her fellow employees under similar circumstances." ECF No. 36 at ¶41. Specifically, Callahan alleges that she was singled out for asking for clarification of district policies. ECF No. 36 at ¶42. Additionally she alleges that defendants created a hostile work environment and that defendants acted with deliberate indifference to her work environment by failing to investigate her complaints. *Id.* at ¶¶43-45. However, these allegations solely have to do with her employment with WCSD, and are thus pre-empted by the ADEA.

Similar to Callahan's Equal Protection claim, a deprivation of a right created by Title VII cannot be the basis for a civil conspiracy claim under § 1985(3). *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979). To state a claim under Section 1985(3), a plaintiff must allege that defendants: (1) conspired; (2) for the purpose of depriving any person or class of persons of equal protection or equal privileges and immunities under the laws; (3) an act done by one of the conspirators in furtherance of the conspiracy; and (4) a personal injury, property damage, or deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti,* 629 F.2d 637, 641 (9th Cir. 1980); *see also Sever v. Alaska Pulp Corp.,* 978 D.2d 1529, 1536 (9th Cir. 1992).

Like Callahan's allegations regarding her equal protection claim, she has failed to allege anything in her conspiracy claim outside the context of her employment with WCSD. Her allegations for civil conspiracy have to do with a hostile work environment, a claim which this court already dismissed. ECF No. 36 at ¶¶48-53; ECF No. 35. Further, what Callahan alleges defendants conspired to deprive her of was her right to a

"safe, fair, and non-hostile work environment" by singling her out, treating her different from other employees, humiliating and embarrassing her, and investigating her upon her requesting that she be treated fairly. ECF No. 36 at ¶48-52. These allegations arise solely from her employment and are pre-empted by her ADEA claim. Therefore, this court shall grant defendants' motion to dismiss these claims.

### C.  State Tort Claims

In her complaint, Callahan alleges two remaining claims arising under Nevada state law. Pursuant to 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over state law claims that are part of the same case or controversy as plaintiff's federal claims. However, the court may decline to exercise supplemental jurisdiction over state law claims if the court determines that federal claims warrant dismissal. 28 U.S.C. § 1367(c)(3). The exercise of supplemental jurisdiction is entirely within the court's discretion. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 716 (1966).

Because the court finds that Callahan's federal claims warrant dismissal against all defendants, the court declines to exercise supplemental jurisdiction over her remaining state law claims. Accordingly, the court shall dismiss these claims without prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (ECF No. 39) is GRANTED in accordance with this order. Callahan's complaint (ECF No. 36) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED 24th day of August, 2016.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE